**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THRIFTY RENT-A-CAR SYSTEMS, INC., )<br>an Oklahoma corporation, DTG OPERATIONS,)<br>INC., an Oklahoma corporation and )<br>RENTAL CAR FINANCE CORP., )<br>an Oklahoma corporation, )<br>　　　　　　　　　　　　　　　　　　　　　　　 )<br>　　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　　　　　　　　 )<br>v.　　　　　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　　　　　　 )<br>SOUTH FLORIDA TRANSPORT, INC., )<br>a Florida corporation, DANNY L. HARDY, )<br>an individual, and ALAN I. GREENSTEIN, )<br>an individual, )<br>　　　　　　　　　　　　　　　　　　　　　　　 )<br>　　　　　　Defendants. ) | Case No. 04-CV-0751-CVE-SAJ |

**OPINION AND ORDER**

Now before the Court is plaintiffs' Motion for Attorney Fees (Dkt. # 71) against defendant Alan I. Greenstein in light of the Court's October 26, 2005 Order (Dkt. # 64) granting summary judgment in favor of plaintiffs and against Greenstein.

"[I]n diversity cases generally, and certainly in this circuit, attorneys' fees are determined by state law and are substantive for diversity purposes." Oulds v. Principal Mutual Life Ins. Co., 6 F.3d 1431, 1445 (10th Cir. 1993)(quoting King Res. Co. v. Phoenix Res. Co. (In re King Res. Co.), 651 F.2d 1349, 1353 (10th Cir. 1981)). "Oklahoma courts are committed to the American Rule -- every litigant is responsible for its own litigation expenses except to the extent that the rule has been modified by statute or contractual provision." State ex rel. Dept. of Transp. v. Norman Indus. Dev. Corp., 41 P.3d 960, 962 (Okla. 2001); see also In re Meridian Reserve, Inc., 87 F.3d 406, 410 (10th Cir. 1996). In this case, the American rule is circumvented by written agreement. The license agreement entered into by defendant Alan I. Greenstein states,

> In any litigation between THRIFTY and Licensee or Owners or Licensee arising out of this Agreement or the relationship established by this License Agreement, whether such litigation arises in tort, contract or otherwise, the prevailing party shall be entitled to recover all of its costs including reasonable attorney's fees from the non-prevailing party.

Plaintiffs' Motion for Attorney Fees (Dkt. # 71), Ex. A., License Agreement. Likewise, the Master Lease Agreement governing South Florida Transport's leasing of cars from Thrifty Rent-A-Car Systems, Inc. affiliate, DTG Operations, Inc., contains similar language. Motion for Summary Judgment (Dkt. # 43), Ex. B., Master Lease Agreement, at ¶ 9-E ("In the event of any default by LESSEE hereunder, LESSEE shall, to the extent permitted by applicable law, pay DTG Operations' reasonable attorney's fees incurred in exercising DTG Operations' rights or remedies hereunder.").[1]

"[A]n attorney's fee must in every instance be reasonable." Morgan v. Galilean Health Enterprises, 977 P.2d 357, 364 (Okla. 1998). Oklahoma courts have adopted a set of non-exclusive factors to guide a trial court's decision in setting reasonable attorneys' fees. These include: "time and labor required; novelty and difficulty of the questions; skill requisite to perform the legal service properly; preclusion of other employment by the attorney due to acceptance of the case; customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or circumstances; amount involved and the results obtained; experience, reputation and ability of the attorneys; "undesirability" of the case (i.e. risk of non-recovery); nature and length of professional relationship with the client; and awards in similar cases." Norman Indus. Dev. Corp., 41 P.3d at 962 n. 7 (citing

---

[1] Plaintiffs also claim statutory entitlement to attorneys' fees under Oklahoma law, Okla. Stat. tit. 12, § 936. It is not clear that the licensing agreements at issue fall within that provision for award of fees as costs in a civil action concerning "a contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services," id., and plaintiffs provide no law supporting such claim. Because the Court finds explicit language in the parties' agreements providing for attorneys' fees in the event of default, the statutory question is superfluous.

State ex rel. Burk v. City of Oklahoma City, 598 P.2d 659 (Okla. 1979); Oliver's Sports Center v. National Standard Ins., 615 P.2d 291 (Okla. 1980)).  The Oklahoma Supreme Court has outlined a two-step procedure for determining a reasonable attorneys' fee, directing the court to: (1) determine attorney compensation based on an hourly rate and (2) enhance that figure by adding an amount arrived at by applying the factors outlined above.  Morgan, 977 P.2d at 364.

Plaintiffs seek $90,524.09 in attorneys' fees, a figure which includes the cost of computerized legal research conducted by plaintiffs' counsel in this matter.[2]  As required by Local Rule 54.2, plaintiffs' counsel has submitted an affidavit setting forth an itemized accounting of the hours of attorney time expended, a brief explanation of the work performed, and the billing rate for those hours.  Plaintiffs' counsel has presented evidence to establish that the hourly rates they charged are within the range of hourly fees customarily charged by other attorneys of similar experience and ability in the Northern District of Oklahoma. The contemporaneous time records submitted by plaintiffs indicate that the hours expended by plaintiffs' attorneys were appropriate, considering the nature of the case, the amount at risk for plaintiffs, and the result obtained.  Moreover, the Court finds that plaintiffs have been represented by competent and experienced counsel who capably represented plaintiffs in this suit and whose involvement in this matter limited

---

[2]  Plaintiffs request $89,684.50 in attorneys' fees as the prevailing parties and $839.59 for computerized legal research charges.  The Court agrees with plaintiffs that computer research costs are appropriately calculated as part of attorneys' fees.  See Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago, 38 F.3d 1429, 1440 (7th Cir. 1994) ("[C]omputer research costs are more akin to awards under attorney's fees provisions than under costs. . . . In fact such costs are indeed to be considered attorney's fees.").

their ability to provide service in other matters.  The Court holds that the amount requested by plaintiffs is reasonable in light of the documentation provided by plaintiffs.[3]

**IT IS THEREFORE ORDERED** that plaintiff's motion for attorneys' fees (Dkt. # 71) in the amount of $90,524.09 is hereby **granted** as against defendant Alan I. Greenstein.  A separate judgment will be entered forthwith.

**DATED** this 29th day of December, 2005.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Defendant Greenstein, for his part, has filed no response challenging either plaintiffs' entitlement to attorneys' fees or the accuracy of the requested figure.